UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LUCIANO MOLINA RIOS,<br><br>      Petitioner,<br><br>  v.<br><br>JEFFREY UTTECHT,<br><br>      Respondent. | Case No. 3:22-cv-5245-JHC-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for June 9, 2023 |

This matter comes before the Court on Petitioner Luciano Molina Rios' petition for writ of *habeas corpus* under 28 U.S.C. § 2254 challenging the legality of his conviction. Dkts. 4. Petitioner has also filed a motion to amend with an attached amended petition. Dkt. 15. In his initial filing, Petitioner presents a single ground for *habeas* relief: that the evidence used to obtain his conviction "was unconstitutionally or illegally obtained." Dkt. 4 at 5. The proposed amended petition reiterates the claim that the evidence against him was obtained using an invalid search warrant, alleges that law enforcement impermissibly tracked Petitioner without a warrant by pinging his cell phone, and claims that the trial judge was biased. Dkt. 15-1.

For the reasons set forth below, the undersigned recommends that the petition be DISMISSED as untimely. The undersigned further recommends that the Court DENY

REPORT AND RECOMMENDATION - 1

issuance of the certificate of appealability. Because the petition is time-barred and the proposed amendment would not change that fact, the motion to amend should also be DENIED.

## BACKGROUND

### A. State Court Procedural History

On August 12, 2016, Petitioner was convicted of three counts of possession of a controlled substance with intent to deliver and one count of alien in possession of a firearm without an alien firearm license in Clark County Superior Court.[1] Dkt. 12-1 at 2. He appealed his conviction to the Washington State Court of Appeals, Division II, which affirmed the conviction and sentence on February 6, 2019. *Id*. at 136-72. He then filed a petition for review to the Washington Supreme Court on March 8, 2019. *Id*. at 174-99. On June 5, 2019, the Supreme Court denied review. *Id*. at 240. The Court of Appeals issued an amended mandate on April 17, 2020. *Id*. at 242.

Before his direct appeal was concluded, on February 8, 2018, Petitioner filed a personal restraint petition ("PRP") in the Washington State Court of Appeals alleging one claim: ineffective assistance of counsel. *Id*. at 245-315. The Court dismissed the PRP on the merits. *Id*. at 397-99. Petitioner filed a motion for reconsideration, which the Court denied. *Id*. at 401-14. He then sought discretionary review by the Washington Supreme Court, and the Commissioner denied review. *Id*. at 416-35. The Washington Court of Appeals issued an amended certificate of finality on April 3, 2020. *Id*. at 437.

---

[1] The Washington State Court of Appeals, Division II, summarized the facts of this case in its unpublished opinion in *State v. Trujeque-Magana*, No. 49601-1-II (Wash. Ct. App. Feb. 6, 2019). *See* Dkt. 12-1 at 136-72. The trial facts are not relevant to the issues presented in this *habeas corpus* case and will not be discussed in detail.

REPORT AND RECOMMENDATION - 2

Petitioner filed a second PRP in the Court of Appeals on January 27, 2021. *Id*. at 439-584. The Court of Appeals transferred the PRP to the Washington Supreme Court, finding that it was successive under RCW 10.73.140 and not time barred under RCW 10.73.090(1). *Id*. at 686-87. The Supreme Court dismissed the second PRP as frivolous, finding that Petitioner had not presented an arguable basis for relief. *Id*. at 689-92. Petitioner filed a motion to modify the ruling, which was denied. *Id*. at 694-701. The Supreme Court issued a certificate of finality on December 6, 2021. *Id*. at 703.

On June 15, 2022, Petitioner filed a third PRP in the Court of Appeals. *Id*. at 705-19. The Court dismissed the PRP as untimely. *Id*. at 721-22. Petitioner then filed a motion for reconsideration, which was transferred to the Washington Supreme Court for consideration as a motion for discretionary review. *Id*. at 724-34. The Supreme Court denied review on August 23, 2022. Ruling Denying Review, *In re Pers. Restraint of Rios*, No. 101127-0 (Wash. Aug. 23, 2022). Petitioner's motion to modify the ruling was also denied. Order, *In re Pers. Restraint of Rios*, No. 101127-0 (Wash. Nov. 9, 2022).

B. <u>Federal Court Procedural History</u>

Petitioner's federal habeas corpus petition alleges that his rights under the Fourth, Fifth, and Fourteenth Amendments were violated because evidence used against him at trial was illegally obtained. Dkt. 4. Respondent filed a response (Dkt. 11) and the state court record (Dkts. 12, 12-1); Petitioner filed a reply. Dkt. 13.

On November 29, 2023, Petitioner submitted a second *habeas* petition challenging the same conviction at issue in this action. *See Rios v. State of Washington*, No. 3:22-cv-05931-JLR-TLF, at Dkts. 1,4. The undersigned issued a Report and

1 | Recommendation, which was later adopted by the Court, to dismiss the newly filed
2 | petition as duplicative. *See id.* at Dkts. 5,7.
3 |     The Court also interpreted the filing as a motion to amend the petition filed in this
4 | action, in accordance with the Ninth Circuit's guidance in *Woods v. Carey*, 525 F.3d
5 | 886, 890 (9th Cir. 2008). *See* Dkt. 14. The Court denied the amendment at that time but
6 | permitted Petitioner to file a separate motion for leave to amend his petition and a
7 | proposed amended petition. *Id*. The petition was renoted for consideration on April 21,
8 | 2023. *Id*. Petitioner then filed a motion to amend with attached proposed amended
9 | petition. Dkt. 15. He also filed a motion to vacate a void judgment. Dkt. 16. Respondent
10 | filed a response to both motions on March 30, 2023. Dkt. 17. Petitioner filed a reply.
11 | Dkt. 18. The Court denied and struck the motion to vacate judgment as premature
12 | because there had been no judgment filed in this case. Dkt. 19.

13 | DISCUSSION
14 |   A.  <u>The petition is untimely under 28 U.S.C. 2244(d)</u>
15 |     Respondent argues that this petition should be dismissed as untimely because
16 | Petitioner filed it more than one year after the underlying judgment and sentence
17 | became final. Dkt. 11 at 3.
18 |     28 U.S.C. § 2244(d)(1) imposes a one-year time limit for filing a federal habeas
19 | corpus petition. Under 28 U.S.C. § 2244(d)(1)(A): "[t]he limitation period shall run from .
20 | . . the date on which the judgment became final by the conclusion of direct review or the
21 | expiration of the time for seeking such review." For purposes of this statute, direct
22 | review usually concludes -- and the judgment becomes final -- either upon the expiration
23 | of the time for filing a petition for writ of certiorari with the United States Supreme Court,
24 |
25 |

REPORT AND RECOMMENDATION - 4

or when the Court rules on a timely filed petition for certiorari. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). A petition for a writ of certiorari to the United States Supreme Court must be filed "within 90 days after entry of the order denying discretionary review." Sup. Ct. R. 13.

The federal limitation period may run from a later date if specified circumstances are present. 28 U.S.C. § 2244(d)(1). First, if the applicant was prevented from filing an application because of State action in violation of the Constitution or laws of the United States, the limitation period may run from the date on which the impediment to filing is removed. 28 U.S.C. § 2244(d)(1)(B). Second, it may run from the date the United States Supreme Court recognizes a new constitutional right that the Supreme Court makes retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C). Third, it may run from the date the factual predicate of the claim presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(D).

Additionally, the statute of limitations to file a federal habeas corpus petition is statutorily tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The prison "mailbox rule" is not available when filing a PRP in Washington, so a PRP is deemed filed, and the limitation period tolled, on the date it is received by the state appellate court clerk's office. *In re Carlstad*, 150 Wn.2d 583, 590-91, 80 P.3d 587, 590 (Wash. 2003).

The date on which a conviction becomes final for purposes of section 2244(d)(1)(A) is a question of law that is "heavily informed" by looking at state law to determine when the direct review in state court has ended. *McMonagle v. Myer*, 802

F.3d 1093, 1097 (9th Cir. 2015). In Washington, a PRP or other collateral review proceeding becomes final on the date the clerk of the appellate court issues a certificate of finality. *Phongmanivan v. Haynes*, 195 Wn.2d 309, 317, 458 P.3d 767, 771 (Wash. 2020); *Phongmanivan v. Haynes*, 800 F. App'x 567, 568 (9th Cir. 2020).

The federal habeas corpus statute of limitation is tolled during an entire round of collateral review "not only for the time that [the] petitions [a]re actually under consideration, but also for the intervals between filings" in ascending courts. *Biggs v. Duncan*, 339 F.3d 1045, 1048 (9th Cir. 2003). But the intervals *between separate rounds* of collateral review are not tolled. *Id*.

A petition that is untimely filed under state law is not considered "properly filed" under 28 U.S.C. § 2244(d)(2) and therefore does not statutorily toll the one-year statute of limitation. *Allen v. Siebert*, 552 U.S. 3, 5-7 (2007) ("When a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)."). Further, a state court's interpretation of state law is binding on a federal court reviewing a *habeas corpus* petition. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005). Federal courts cannot review a state court's decision that a post-conviction petition is untimely under state law. *Rudin v. Myles*, 781 F.3d 1043, 1054 (9th Cir. 2015).

Here, the Washington Supreme Court denied review of Petitioner's direct appeal on June 5, 2019. Dkt. 12-1 at 240. Petitioner did not file a petition for a writ of certiorari seeking review by the United States Supreme Court within 90 days of that date, so the judgment became final, and the limitation period began to run, on September 3, 2019. But, because Petitioner had already filed a state petition for post-conviction relief, the limitation period was immediately tolled. It began to run again when the Washington

REPORT AND RECOMMENDATION - 6

Court of Appeals issued the amended certificate of finality on April 3, 2020. Dkt. 12-1 at 437.

Although Petitioner's second PRP was signed and dated December 8, 2020, the Court of Appeals filing date was January 27, 2021. Dkt. 12-1 at 439, 458. Therefore, the limitation period ran for 299 days[2] before it was tolled – when the Court of Appeals received the second PRP that was filed on January 27, 2021. *In re Carlstad*, 150 Wn.2d 583, 590-91, 80 P.3d 587, 590 (Wash. 2003).

The certificate of finality on the second PRP was issued on December 6, 2021, and the limitation period began to run again. Dkt. 12-1 at 703. After 66 days, the limitation period expired on February 10, 2022. Petitioner did not file this *habeas* petition until April 13, 2022. Dkt. 1.

Petitioner's third PRP does not toll the limitation period because it was filed on June 15, 2022, four months after the limitation period had expired. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."). Additionally, this third PRP was not "properly filed" for purposes of the tolling provisions under 28 U.S.C. § 2244(d)(2) because the state court dismissed the PRP as untimely. *See* Dkt. 12-1 at 721-22. Thus, Petitioner did not initiate this federal habeas corpus action within the one-year time limit, and 28 U.S.C. § 2244(d)(1) bars review of the petition.[3]

---

[2] The respondent asserts the limitations period ran for 248 days, "at least", and uses the mailing date of December 8, 2020 as the operative point of reference. Even if the Court adopts that analysis, Rios' federal habeas corpus petition is untimely because the one-year limit would have expired on April 4, 2022. See Dkt. 11, at 6, ll. 10-19.

[3] Petitioner argues that his petition should not be time barred because the facts underlying his claims "came to light after his conviction," and when he "learned of the violation of his rights, he quickly brought it

REPORT AND RECOMMENDATION - 7

B. Equitable Tolling

In addition to statutory tolling, the statute of limitations set forth in Section 2244(d)(1) is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling only if they show: (1) they have been diligently pursuing their rights and (2) extraordinary circumstances prevented timely filing. *Id*. at 649. The petitioner must also show that extraordinary external forces, rather than their own lack of diligence, caused the untimeliness and made it impossible to file a timely petition. *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). The threshold necessary to obtain equitable tolling is very high. *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002).

Petitioner states that he has "practiced due diligence" and requests that the Court allow this case to proceed even if it "is time barred per a general rule." Dkt. 13 at 3. Yet he has not submitted any evidence demonstrating that extraordinary circumstances prevented him from filing the petition on time. The Court should find that Petitioner is not entitled to equitable tolling. The Court should hold the petition is barred by 28 U.S.C. § 2244(d)(1); Petitioner did not submit his federal habeas corpus petition to this Court within the one-year statute of limitations and the Court should therefore dismiss the petition with prejudice.

---

to the court's attention." Dkt. 13 at 2. He appears to be referencing e-mail communications between law enforcement officers that he alleges show that he was "being electronically tracked through his cellphone prior to a warrant being issued." Dkt. 4 at 18. But he does not explain why this information could not have previously been discovered through the exercise of due diligence. Because he has not shown that the limitation period should be calculated according to 28 U.S.C. § 2244(d)(1)(D) rather than 28 U.S.C. § 2244(d)(1)(A), the petition is time barred.

REPORT AND RECOMMENDATION - 8

C. <u>Motion to Amend</u>

Petitioner filed a motion to amend the petition to allege claims that the evidence against him was obtained using an invalid search warrant, that law enforcement impermissibly tracked him without a warrant by pinging his cell phone, and that the trial judge was biased. Dkt. 15-1. Respondent opposes the motion, contending that amendment would be futile because the proposed amendment would not alter the conclusion that the petition is untimely. Dkt. 17 at 2.

Because Petitioner seeks to amend his petition more than 21 days after the filing of a responsive pleading, he must receive leave of court to do so. Fed. R. Civ. P. 15(a)(2). Leave should be freely granted "where justice so requires." *Id*. "In determining whether leave to amend is appropriate, the district court considers 'the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility.'" *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999)).

Again, he has not shown that any of the information that led him to conclude that the search warrant was invalid could not have previously been discovered. He also has not shown that he could not have previously discovered that "the same judge both determined probable cause and presided over [his] trial." Dkt. 15-1 at 8.

Because the claims are untimely, the proposed amendment to the petition in this matter would be futile. The Court therefore recommends that Petitioner's motion to amend be DENIED.

## EXHAUSTION OF STATE COURT REMEDIES

The exhaustion of state court remedies is a prerequisite to granting a petition for writ of *habeas corpus*. 28 U.S.C. § 2254(b)(1). In this case, the Court need not determine whether Petitioner has met this exhaustion requirement because the petition for *habeas* relief is untimely.

## EVIDENTIARY HEARING

The decision to hold an evidentiary hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal *habeas* relief." *Id.* at 474. In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court. *Cullen v. Pinholster*, 563 U.S. 170, 181-82 (2011). A hearing is not required if the allegations would not entitle Petitioner to relief under section 2254(d). *Landrigan*, 550 U.S. at 474. "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id*.

The Court finds it is not necessary to hold an evidentiary hearing in this case because, as discussed in this report and recommendation, the petition may be resolved on the existing state court record.

## CERTIFICATE OF APPEALABILITY

If the Court adopts the undersigned's Report and Recommendation, it must determine whether a certificate of appealability (COA) should issue. Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts ("The district court

must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2)-(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

The undersigned recommends that Petitioner not be issued a COA. No jurist of reason would have valid reasons for disagreeing with the analysis concerning the one-year statutory limitation on filing federal *habeas corpus* petitions. Petitioner should address whether a COA should issue in his written objections, if any, to this Report and Recommendation.

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends that the Court dismiss the petition for writ of *habeas corpus* with prejudice. The Court should not issue a certificate of appealability.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations

omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on **June 9, 2023**, as noted in the caption.

Dated this 19th day of May, 2023.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 12